Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 767 | **DATE** | Nov. 29, 2004 |
| **CASE TITLE** | Peter Rosenbaum Photography  v  Otto Doosan Mail Order Ltd. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Hearing
(5) ■ Status hearing reset to 12/29/04, at 9:30 a.m.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Memorandum opinion and order entered. Plaintiff's motion to compel compliance with subpoenas is granted. Plaintiff's motion for sanctions against Spiegel's counsel is granted, and attorney Tracy L. Bradford is directed to pay plaintiff the sum of $1,862.90 forthwith.

(11) ■ [For further detail see order attached to the original minute order.]

|   | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
|   | No notices required | | number of notices | |
| X | Notices mailed by judge's staff. | | NOV 3 0 2004 | |
|   | Notified counsel by telephone. | | date docketed | 34 |
|   | Docketing to mail notices. | | | |
|   | Mail AO 450 form. | | docketing deputy initials | |
|   | Copy to judge/magistrate judge. | | | |
| GS courtroom deputy's initials | | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PETER ROSENBAUM PHOTOGRAPHY )
CORPORATION, an Illinois corporation, )
 )
Plaintiff, )
 )  No. 04 C 0767
v. )
 )  Judge Robert W. Gettleman
OTTO DOOSAN MAIL ORDER LTD., a Korean )
corporation, OTTO SUMISHO INC., a Japanese )
corporation, OTTO GMBH, a German corporation, )
and BRADFORD MATSON, an individual, )
 )
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Peter Rosenbaum Photography Corporation has brought a twelve count first amended complaint against defendants Otto Doosan Mail Order Ltd. ("Doosan"), Otto Sumisho Inc. ("Sumisho"), Otto GmbH ("Otto") and Bradford Matson, alleging violations arising out of defendants' use of at least 150 photographs that plaintiff created and furnished to Spiegel Inc. solely for limited publication in Spiegel catalogs and Spiegel website pages. Plaintiff has moved to compel Spiegel to comply with outstanding subpoenas, and for sanctions against Spiegel's counsel. For the reasons set forth below, the motion is granted.

## BACKGROUND

The complaint alleges that Spiegel, which filed a voluntary petition for protection under the bankruptcy laws on March 17, 2003, and is not named as a defendant, gave or sold plaintiff's photographs to at least Sumisho and Doosan without plaintiff's prior knowledge or consent. Sumisho and Doosan then published plaintiff's photographs on their websites and in catalogs. Faced with motions challenging personal jurisdiction, plaintiff served Spiegel with subpoenas

seeking documents and information relating to Spiegel's relationship with Sumisho and Doosan. Spiegel objected informally, not on the basis that it could not be subjected to discovery, but that the requests were overbroad and unduly costly. Plaintiff's counsel communicated with Spiegel's in-house counsel, both telephonically and through emails, attempting to resolve the dispute. For example, plaintiff narrowed the scope of its requests by withdrawing requests for contracts, invoices, and documents relating to Spiegel's sale or transfer of merchandise to Sumisho, and offered to inspect documents at Spiegel to avoid copying costs.

Despite these concessions, Spiegel continued to refuse to comply. Of particular concern to Spiegel was the potential costs involved in searching its computer system for responsive documents, including email communications, and then reviewing those documents and communications for privileged material.

Unable to reach an agreement on how to handle the electronic discovery, Spiegel refused to produce any documents responsive to the request. Plaintiff then brought a motion for rule to show cause for Spiegel's failure to comply with the subpoenas. At the presentment of that motion, Spiegel's retained counsel, Tracy L. Bradford, told Judge Plunkett, to whom this case was originally assigned, that the issuance of the subpoenas and the bringing of the motion itself "may be in violation the automatic stay" provided in 11 U.S.C. § 362(a). Because this was the first time Spiegel had raised the issue, plaintiff sought time to respond in writing. Judge Plunkett thought that a more practical approach would be for plaintiff to ask the bankruptcy judge to lift the stay solely for the purpose of allowing Spiegel to respond under whatever conditions the bankruptcy judge thought appropriate. Therefore, Judge Plunkett "granted" plaintiff leave to withdraw its motion for rule to show cause, giving plaintiff time to decide whether it wished to

ask the bankruptcy court to lift the stay or whether it wanted to proceed with its motion for rule to show cause in the district court.

Plaintiff has made that decision, moving before this court (to whom the case has been reassigned) to compel Spiegel to comply with the subpoenas and for sanctions against Spiegel's counsel for "her unsupported verbal representation to Judge Plunkett . . . that the bankruptcy law's automatic stay prevented Spiegel from having to comply with the subpoenas."

## **DISCUSSION**

1. Plaintiff's motion to compel.

The Bankruptcy Code, 11 U.S.C. § 362(a) provides in relevant part:

(a) except as provided in subsection (b) of this section, a petition filed under § 301, 302 or 303 of this Title, . . ., operates as a stay, applicable to all entities, of –

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other actionable proceeding against the debtor that was or could have been commenced before the commencement of the case under this Title, or to recover a claim against the debtor that arose before the commencement of the case under this Title;
> \* \* \*
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate . . ..

According to Spiegel, the issuance of a discovery subpoena to a third-party that has filed a petition for relief under the bankruptcy laws is the commencement or continuation of an action against the third-party that is barred by the § 362 automatic stay. In essence, Spiegel argues that no debtor that has filed for protection under the bankruptcy laws is subject to any discovery in a civil action absent a lifting of the automatic stay by the bankruptcy court, whether or not that debtor is a party to the action in which the discovery is sought. This would be a surprising result,

for if correct the bankruptcy court would likely be inundated with motions to lift the automatic stay for every discovery request, even if unrelated to any action against the debtor.

It is no surprise then, that there are no cases to support Spiegel's position. Indeed, Spiegel's brief in opposition to the motion to compel contains no authority supporting its position, focusing instead on attempting, unsuccessfully, to distinguish plaintiff's cases, which quite clearly hold that discovery served against a debtor is not stayed as long as the discovery pertains to or is directed toward claims and/or defenses of a party other than the debtor.

For example, in In re: Mahurkar Double Lumen Hemodialysis Catheter Patent Litigation, 140 B.R. 969 (N.D. Ill. 1992), one defendant in a multi-district multi-defendant patent infringement action filed for bankruptcy and contended that the automatic stay prevented further prosecution of the claims against it and barred discovery of its employees and former employees. Judge Easterbrook, sitting by designation, agreed that all claims against the debtor were stayed, but held that the debtor and its employees were not protected by the automatic stay with respect to discovery relating to claims against other defendants. Notably, the court did not dismiss the action against the debtor but rather treated the debtor "as if [it] were no longer a party to the litigation" and "as if [it] were an interested non-litigant." Id. at 978-79. Judge Easterbrook specifically noted that at oral argument the debtor's counsel "conceded that the automatic stay does not affect discovery affecting [the other non-debtor defendant], and that [the debtor] is obliged to participate to the extent it would as a non-party." The court also indicated that it viewed that concession as correctly stating the law, although there were no cases on point. Id. at 977.

Again, in In re: Miller, 263 B.R. 499 (B.A.P. 9th Cir. 2001), a bankruptcy appellate panel was faced with what it described as an issue of first impression: "does the automatic stay protect the debtor from complying with discovery requests in a multi-defendant case where the debtor is a defendant, but where those discovery requests are framed as discovery pertaining only to claims against the other non-debtor defendants." The court concluded that § 362(a) does not preclude generation of new information regarding claims by or against a non-debtor party, even where that information could eventually adversely affect the debtor, and thus concluded that §§ 361(a)(1) was inapplicable to subpoenas issued to the debtor where those subpoenas were part of discovery regarding claims that were not stayed. Id. at 507.

Significantly, in Miller, the debtor also argued, as Spiegel does in the instant case, that by filing the motion to compel and a motion for sanctions against the debtor for failure to comply, the movant violated § 361(a)(3), which prohibits any act to obtain possession of property of or from the estate or to exercise control over property of the estate. The Miller court disagreed, holding that § 362(a)(3) did not apply and that the movant was entitled to pursue and obtain a monetary judgment for sanctions against the debtor because the subpoenas were issued post-petition and the sanctions were based on post-petition conduct. Thus, the movant could pursue and obtain a money judgment based on debtor's post-petition conduct without obtaining relief from the stay. The movant would, however, be required to obtain relief from the stay before attempting to recover the sanctions from the bankruptcy estate. Id. at 507-08.

Based on the forgoing, it is clear that plaintiff would be entitled to serve and proceed with discovery against Spiegel, even if Spiegel were a defendant in this action, provided the discovery is directed towards the claims against defendants Doosan, Sumisho, and Otto. Because Spiegel

is not a defendant, but simply an interested non-litigant, and the discovery sought relates to the defenses raised by Doosan, Sumisho, and Otto, the automatic stay is inapplicable. Accordingly, plaintiff's motion to compel Spiegel's response to its subpoenas is granted.

2. Plaintiff's motion for sanctions.

Plaintiff has moved for sanctions against Spiegel's attorney, Tracy L. Bradford, under 28 U.S.C. § 1927, arguing that Ms. Bradford's statement to Judge Plunkett that the automatic stay prevented Spiegel from having to comply with the subpoenas was unsupported by existing law. Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any territory thereof who so multiplies the proceedings in any case unreasonable and vexatiously may be required by the court to satisfy personally the excess cost, expense, and attorney's fees reasonably occurred because of such conduct.

Plaintiff argues that Ms. Bradford's comments to Judge Plunkett were legally incorrect, and that absent those comments the issue of Spiegel's compliance would have been resolved by Judge Plunkett on September 2, 2004. Instead, plaintiff has been forced to bring the instant motion, incurring additional fees and expenses in the amount of $3,925.80.

Given the court's ruling above on plaintiff's motion to compel, this argument is not without appeal. Ms. Bradford did not, however, tell Judge Plunkett that the issuance of the subpoenas was in violation of the stay, but only that it may be in violation. Thus, counsel simply presented the issue as open. In light of the lack of any definitive ruling from the Seventh Circuit on the issue, counsel was entitled to raise the issue as at least an arguable extension or alteration of existing law.

More troubling is counsel's representations to this court in response to plaintiff's current motion. Counsel's brief appears to intentionally mischaracterize the colloquy before Judge Plunkett, indicating that counsel's argument based on the automatic stay provision was "accepted by Judge Plunkett," and that plaintiff's counsel voluntarily withdrew his motion "after representing to the court that he had researched the issue," attempting to leave this court with the impression that plaintiff's counsel agreed with Spiegel's position. (Emphasis in original). Nothing could be further from the truth.

First, Judge Plunkett did not "accept" counsel's argument based on the automatic stay; he simply offered a practical solution in the event counsel was correct. Next, plaintiff's counsel did not voluntarily withdraw the motion. Judge Plunkett elected to treat the motion as voluntarily withdrawn to give plaintiff time to determine whether it wished to go before the bankruptcy court or return to him. Plaintiff never suggested that Spiegel's position was correct.

Additionally, Spiegel's response brief continues to argue that the case law does not support plaintiff's position, when it clearly does. As noted above, Spiegel's brief contains not one citation to support its position. Ms. Bradford is correct that sanctions do not automatically flow from being wrong on the law. See Harlyn Sales Corp. Profit Sharing Plan v. Kemper, 9 F.3d 1263 (7th Cir. 1993). There is a not so fine line, however, between zealous advocacy and intentional misrepresentation of the facts and the case law. Spiegel's response brief crosses that line. The consequence of this transgression was to cause plaintiff to file an unnecessary reply brief and for the court to have to read the entire record of proceedings before Judge Plunkett and expend the time and effort to determine the meritless character of Spiegel's arguments. The

court therefore imposes sanctions under 28 U.S.C. § 1927 against attorney Tracy L. Bradford for one-half the fees requested by plaintiff in bringing this motion, or $1,862.90.

## CONCLUSION

For the reasons set forth above plaintiff's motion to compel compliance with the subpoenas is granted. Plaintiff's motion for sanctions against Spiegel's counsel is granted, and attorney Tracy L. Bradford is directed to pay plaintiff the sum of $1,862.90 forthwith. Because plaintiff has proposed several reasonable alternatives to minimize any cost to Spiegel for complying with the subpoena, plaintiff and Spiegel are ordered to meet and confer on the most cost effective means for Spiegel's compliance with plaintiff's discovery request and report back to this court on December 29, 2004 at 9:30 a.m.

**ENTER:** **November 29, 2004**

**Robert W. Gettleman**
**United States District Judge**