AE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PETER ROSENBAUM PHOTOGRAPHY CORPORATION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| | ) No. 04 C 0767 |
| v. | ) |
| | ) Judge Robert W. Gettleman |
| OTTO DOOSAN MAIL ORDER LTD., OTTO SUMISHO, INC., and OTTO GmbH, | )<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Peter Rosenbaum Photography Corporation has brought a twelve count first amended complaint seeking damages against defendants Otto Doosan Mail Order Ltd. ("Doosan") a Korean company, Otto Sumisho, Inc. ("Sumisho") a Japanese corporation, and Otto GmbH ("Otto") a German corporation, arising from defendants' alleged infringement of plaintiff's copyrighted photographs which plaintiff created and furnished to Spiegel Inc. solely for limited publication in Spiegel catalogs and Spiegel's website pages. Specifically, against Doosan plaintiff asserts: copyright infringement (Count I); violations of the Racketeering and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), (d), (Counts IV and VI); conspiracy to infringe copyright (Count VIII); and unjust enrichment (Count IX). Plaintiff raises the same claims against Sumisho in Counts I, III, V, VII and IX. Doosan has moved to dismiss for lack of personal and subject matter jurisdiction and/or failure to state a claim, and under the doctrine of forum non conveniens. Sumisho, after lengthy discovery battles, has admitted personal jurisdiction but has moved to dismiss for lack of subject matter jurisdiction and/or failure to state

a claim and under the doctrine of forum non conveniens. For the reasons set forth below, the motions are denied in part and granted in part.[1]

## BACKGROUND

The complaint alleges that Spiegel, which filed a voluntary petition for protection under the bankruptcy laws on March 17, 2003, and is not named as a defendant, gave or sold plaintiff's photographs to Doosan and Sumisho without plaintiff's prior knowledge or consent. Doosan and Sumisho then published plaintiff's photographs on their websites and in their catalogs. Otto is the parent company of Spiegel and owns 51% of both Doosan and Sumisho.

## DISCUSSION

Personal Jurisdiction

Doosan has moved to dismiss for lack of personal jurisdiction, arguing that it has insufficient contacts with Illinois to satisfy the requirements for personal jurisdiction as set out in International Shoe Co. v. Washington, 326 U.S. 310 (1945), and its progeny. Specifically, Doosan argues that it is uncontested that no alleged copyright infringement or conspiracy occurred in Illinois. It argues that specific personal jurisdiction cannot lie in the forum state when the allegedly infringed material is not copied or displayed in that forum. See Berthold Types Limited v. European Mikrograft Corp., 102 F. Supp.2d 928, 932 (N.D. Ill. 2000). Doosan argues that it did not display the allegedly infringing photographs in Illinois or anywhere in the United States. According to the materials presented by Doosan, its catalog is circulated and distributed only to Korean residents, and Doosan does not deliver or accept orders outside of

---

[1] Otto GmbH, Spiegel's parent and majority owner of both Doosan and Sumisho, has challenged service of process in the German courts.

South Korea. Doosan states that any contact it had with Illinois or the United States has been isolated and wholly unrelated to the subject matter of the instant dispute.

Plaintiff has the burden of "providing sufficient evidence to establish a prima facie case of personal jurisdiction. The allegations in [its] Complaint are to be taken as true unless controverted by the [defendant's] activities; and any conflicts in the affidavits are to be resolved in [plaintiff's] favor." Turnock v. Cope, 816 F.2d 332, 333 (7th Cir. 1987); Haedike v. Kodiak Research, Ltd., 814 F. Supp. 679, 684 (N.D. Ill. 1992). To determine whether the court has personal jurisdiction over a defendant in a case where subject matter jurisdiction is based on a federal question, the court must determine: (1) does haling defendant into this court accord with the principles of the Due Process Clause of the Fifth Amendment; and (2) does the court have the power to serve the defendant with process. United States v. Martinez de Ortiz, 910 F.2d 376, 381 (7th Cir. 1990). In federal question cases, "due process requires only that each party has sufficient contacts with the United States as a whole, rather than any particular state." Id. at 382. Under this standard most federal question actions that raise the issue of personal jurisdiction proceed directly to the amenability of service inquiry. In the instant case, Doosan, although indicating that it has "limited" contact with the United States, has itself jumped to the second half of this analysis, effectively admitting that its contact with the United States as a whole is sufficient.

Fed. R. Civ. P. 4(k) governs a party's ability to serve a defendant. The rule provides that service is effective to establish jurisdiction over the person of a defendant who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located. Fed. R. Civ. P. 4(k)(1)(A).

Illinois' long-arm statute authorizes courts to exercise jurisdiction to the fullest extent allowed by the Illinois and federal Constitutions. 735 ILCS 1-209(c); Hyatt Int'l Corp. v. Coco, 302 F.3d 707, 714 (7th Cir. 2002). Because there is no "operative difference" between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction, the inquiry collapses into an examination of whether jurisdiction over Doosan complies with the test as set forth in International Shoe, 326 U.S. at 316, which requires that Doosan have minimum contacts with Illinois "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." Those contacts may not be fortuitous, but instead Doosan must have "purposely established minimum contacts within the forum state" before personal jurisdiction will be found to be reasonable and fair. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985). Crucial to the analysis is a showing that Doosan should reasonably anticipate being haled into court in Illinois because it has purposely availed itself of the privilege of conducting activities here. Hyatt, 302 F.3d at 716. When, as in the instant case, specific jurisdiction is asserted the controversy must "arise out of" or "be related to" Doosan's contacts with Illinois.

In the instant case, there are very few facts that are uncontested, which would normally necessitate an evidentiary hearing. Hyatt, 302 F.3d at 713. A hearing is not necessary, however, because coupling those few undisputed facts with Doosan's version of the disputed events leads to the conclusion that the exercise of personal jurisdiction over Doosan is proper.

First, it is uncontested that Doosan received and published in both its catalogs and on its website at least 65 of plaintiff's copyrighted photographs, and that Doosan received some or all of those photographs from Spiegel directly. Doosan argues that the facts demonstrate that

regardless of from whom it received the photographs, it never made a direct request to Spiegel or anyone in the United States for any of the "Rosenbaum photographs" at issue in the case. Instead, it argues that it directed all of its communications for photographs to Otto in Germany.

Even if Doosan is correct, and plaintiff has some evidence to suggest otherwise, this fact does not carry the day. Even under Doosan's version of the events, it knew, when it requested photographs from Otto, that Otto was just passing that request on to Spiegel, its subsidiary, in Illinois. Indeed, Doosan admits that Spiegel then "burned" the images onto a CD-ROM and sent them directly to Doosan by overnight courier. Thus, Doosan admits to a continuous and systematic course of conduct in which it made repeated requests to Otto for photographs, knowing that Otto would arrange for Spiegel to copy and deliver the photographs to Doosan directly. In essence, Doosan's own evidence establishes that it used Otto as its agent for purchasing plaintiff's photographs from Spiegel. Under the Illinois long-arm statute, a nonresident can submit to Illinois jurisdiction through the acts of its agent. 735 ILCS 5/2-209(a).

Moreover, the facts demonstrate that it is reasonable for Doosan to have anticipated being haled into court in Illinois arising out of its use of the photographs it received from Spiegel. Indeed, Doosan sent emails to and had telephone conversations with Spiegel, requesting model releases. Thus, the evidence establishes that Doosan took some precautions to prevent being sued in Illinois as a result of its use of the photographs, and actually did in fact anticipate the possibility of such a suit. Therefore, the court finds nothing unfair or unreasonable about requiring Doosan to defend in Illinois its alleged unauthorized use of the photographs. Accordingly, Doosan's motion to dismiss for lack of personal jurisdiction is denied.

Failure to State a Claim/Subject Matter Jurisdiction

Both Doosan and Sumisho argue that plaintiff's copyright infringement claims fail to state a claim under 17 U.S.C. § 106 because plaintiff seeks to recover for infringement that occurred outside of the United States.[2]

Section 501(a) of the Copyright Act provides that "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by §§ 106-121 . . . is an infringer of the copyright . . . ." 17 U.S.C. § 501(a). According to § 106, a copyright owner has the "exclusive rights to do and to authorize" six activities in particular, including reproducing and displaying copies of the copyrighted work. 17 U.S.C. § 106(1), (3).

A party who, with knowledge of infringing activity, induces, causes, or materially contributes to the infringing conduct of another, may be liable as a "contributory infringer." Gershwin Publishing Corp. v. Columbia Artists Management, Inc., 443 F.2d 1159, 1162 (2d Cir. 1971). To establish contributory infringement, plaintiff must establish a predicate act of direct infringement. See 3 David Nimmer and Melvin B. Nimmer, § 12.04[A][3][a], at 12-91 (2002) ("[T]he rule should generally prevail that third party liability, as it name implies, may exist only when direct liability, i.e., infringement, is present.")

It is well established, however, that infringing acts that take place wholly outside the United States are not actionable under the Copyright Act. Subafilms, Ltd. v. MGM-Pathe Communications Co., 24 F.3d 1088, 1096 (9th Cir. 1994). Both Sumisho and Doosan argue that

---

[2]Doosan brought its motion under Fed. R. Civ. P. 12(b)(1) arguing lack of subject matter jurisdiction. Sumisho brought its motion under Rule 12(b)(6) arguing that the complaint fails to state a claim. All parties agree that the legal analysis is the same under either rule. Because the parties have submitted evidence outside the allegations of the complaint, the court has technically analyzed the issue under Rule 12 (b)(1).

it is undisputed that they did not distribute their catalogs in the United States or target United States customers on their websites. Thus, even if they published plaintiff's photographs, they are not in violation of United States copyright laws.

The rule of extraterritoriality notwithstanding, however, if plaintiff can establish a predicate act of copyright infringement by either defendant that occurred within the United States it can state a claim against that defendant under the Copyright Act for damages occurring outside the United States. See e.g., Los Angeles News Service v. Reuters Televison International, Ltd., 149 F.3d 987, 992 (9th Cir. 1998) (adopting rule that a party becomes liable for extraterritorial damages only when an act of infringement occurs within the United States, subjecting it to liability as an infringer (or contributory infringer) under the Copyright Act); Update Art, Inc. v. Modiin Pub., Ltd., 843 F.2d 67, 73 (2d Cir 1988) ("as the applicability of American copyright laws over the Israeli newspapers depends on the occurrence of a predicate act in the United States, the geographic location of the illegal reproduction is crucial.")

In the instant case, any unauthorized reproduction of plaintiff's photographs by Spiegel is a violation of the Copyright Act within the United States and constitutes a predicate act of direct infringement. If either or both Doosan and Sumisho knew that Spiegel's reproduction was unauthorized, and induced, caused, or knowingly contributed to Spiegel's infringement, then that defendant would be liable as a contributory infringer, and there would be a predicate act of infringement by that defendant within the United States. Such reproduction within the United States, when it leads to exploitation abroad of a copyright owner's work, is actionable under the Copyright Act. See e.g., Los Angeles News Service, 149 F.3d at 992 (plaintiff was entitled to recover damages flowing from exploitation abroad of domestic act of infringement consisting of

the reproduction of a copyrighted work, and that the Subafilms court's concerns were "inapplicable"). Because plaintiff's complaint contains factual allegations which, if proven, could establish that either or both Doosan and Sumisho is a contributory infringer, liable for Spiegel's domestic acts of infringement, the motions to dismiss based on extraterritoriality are denied.[3]

RICO

Both Doosan and Sumisho have moved to dismiss plaintiff's RICO counts against them for failure to state a claim, arguing initially that copyright infringement is not a predicate act as required under 18 U.S.C. § 1961. Both defendants subsequently acknowledged, however, that criminal copyright infringement is listed as a predicate act under 18 U.S.C. 1961(c), and that plaintiff has alleged criminal copyright violations. Sumisho argues that because there is no private right of action under the criminal copyright statute, 17 U.S.C. § 506, plaintiff cannot plead a RICO violation with criminal copyright as the predicate act. This simply wrong. See e.g., Stewart v. Wachowski, 2004 WL 2980783 (S.D. Cal. 2004); Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 488 (1985).

Doosan argues that the facts do not support a showing of willful infringement, an element of criminal infringement. 17 U.S.C. § 506. Plaintiff has alleged willful infringement, however, and whether the facts ultimately support such a claim is not properly considered on a motion to

---

[3] Sumisho's argument that the amended complaint contains no claim for contributory infringement is not well taken. The complaint contains a claim for copyright infringement. Plaintiff is not required by Fed. R. Civ. P. 8 to plead a legal theory and, therefore, the only question is whether any set of facts consistent with the complaint would give plaintiff a right to recover under any legal theory. See Small v. Chao, 398 F.3d 894, 898 (7th Cir. 2005).

8

dismiss under Fed. R. Civ. P. 12(b)(6).[4] Accordingly, defendants' motion to dismiss the RICO counts are denied.

Common Law Claims

Both defendants argue that plaintiff's common law conspiracy and unjust enrichment claims are preempted by the Copyright Act. Plaintiff has agreed with respect to its unjust enrichment claims. Accordingly, Count IX is dismissed.

The court agrees with defendants that Counts VII and VIII, alleging conspiracy to infringe plaintiff's copyrights, are preempted by the Copyright Act because there is nothing in these counts that are qualitatively different than the copyright claims. Indeed, they simply reassert the same allegations as the copyright claims. The claims in Counts VII and VIII rest entirely on defendants' inducement and use of Spiegel's unauthorized copying. See Baltimore Orioles, Inc. v. Major League Baseball Players Ass'n., 805 F.2d 663, 678 (7th Cir. 1986). To the extent that plaintiff now suggests that these counts attempt to allege conspiracy to commit fraud, they fail under Fed. R. Civ. P. 9(b). Accordingly, Counts VII and VIII are dismissed.

Forum Non Conveniens

Finally, both defendants argue that the court should dismiss the case under the doctrine of forum non conveniens because South Korea and Japan are more appropriate forums. The court rejects these arguments (improperly brought under 28 U.S.C. § 1404(a)) outright. There is nothing more appropriate or convenient about South Korea or Japan. Defendants are simply

---

[4]The court rejects defendant's argument that plaintiff's RICO claims are subject to the particularity requirements of Fed. R. Civ. P. 9(b). The Seventh Circuit has no heightened pleading requirement for allegations of copyright infringement, which forms the basis of plaintiff's RICO claims. See Mid America Title Co. v. Kirk, 991 F.2d 417, 421 (7th Cir. 1993).

trying to make the litigation so inconvenient for plaintiff that it will walk away from its claims. Plaintiff is in Illinois. Spiegel is in Illinois. The initial unauthorized copying took place in Illinois. It is no more inconvenient for defendants to litigate in Illinois than it is for plaintiff to litigate in Korea and Japan, and defendants are clearly more capable of financially handling that inconvenience than is plaintiff. Accordingly, defendants' motions to dismiss on forum non conveniens grounds are denied.

## CONCLUSION

For the reasons set forth above, defendants' motions to dismiss are granted as to Counts VII, VIII and IX, and denied in all other respects. Defendants are directed to answer the remaining counts of the amended complaint on or before October 20, 2005. The parties are directed to file a joint status report using this court's form on or before October 20, 2005, and to appear at a status conference on October 25, 2005, at 9:00 a.m.

**ENTER:** **September 26, 2005**

_____
**Robert W. Gettleman**
**United States District Judge**